UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JAIME ENRIQUE MURCIA MORAN,

Petitioner,

v.

UNKNOWN PARTY #1,

Respondent.

Case No. 1:26-cv-2721

Honorable Jane M. Beckering

______________________________/

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.9.)

In an order entered on October 7, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the June 24, 2026, bond hearing on October 13, 2026. (Resp., ECF No. 6; Recording of Jun. 24, 2026, Bond Hearing, filed on Oct. 13, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Guatemala who entered the United States in 2011. Op., *Murcia Moran v. Unknown Party* (*Murcia Moran I*), No. 1:26-cv-1742 (W.D. Mich. Jun. 16, 2026) (ECF No. 8). On August 26, 2025, ICE agents arrested Petitioner. *Id.*

This is Petitioner's third § 2241 petition. *Id.*; *Torres-Vasquez v. Raycraft* (*Torres-Vasquez*), No. 2:25-cv-13571 (E.D. Mich.). On June 24, 2026, Petitioner received a § 1226(a) bond hearing pursuant to this Court's Opinion and Judgment in *Murcia Moran I*. Op. & Jud., *Murcia Moran I*, (W.D. Mich. Jun. 16, 2026) (ECF Nos. 8, 9); Bond Order, *Murcia Moran I*, (W.D. Mich. Jun. 25, 2026) (ECF No. 10-1). At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, finding that "[t]he Department of Homeland Security (DHS) has proven by clear and convincing evidence that [Petitioner] is a flight risk." Bond Order, *Murcia Moran I*, (W.D. Mich. Jun. 25, 2026) (ECF No. 10-1).

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on June 24, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 15, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge